## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GILBERT MORALES, SR.,

      Plaintiff,

vs.                                                                  CIV 05-0246 KBM/LCS

SYLVIA BRISANO and
JESSICA RAMIREZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for *sua sponte* consideration of the *pro se* complaint filed in this action.  Because federal district court is a court of limited rather than general jurisdiction, the Court is under an obligation to question on its own whether subject matter jurisdiction is present in every action before it.  Claims brought pursuant to 42 U.S.C. § 1983 against the defendants appear to be the sole basis for the exercise of federal jurisdiction over the present action.

To be held liable under Section 1983, the defendant must have been acting under "color of state law" at the time the plaintiff's rights were allegedly violated.  Plaintiff baldly asserts that the defendants were acting "under color of state law" because each was an "informent" [sic].  No further factual details are alleged as to their roles or actions as informants.

Thus, I am unable to determine from the face of the complaint whether Plaintiff states a viable federal cause of action.  Acting in the role of an informant does not necessarily qualify as acting under color of law.  In examining this question, the Sixth Circuit stated that it

reject[ed] plaintiffs' invitation to establish a per se rule that the activities of paid government informants must always be considered government action.  The determination of government action depends on the facts of each case, through "sifting facts and weighing circumstances." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722, 81 S. Ct. 856, 860, 6 L.Ed.2d 45 (1961).  We have no doubt that paid government informants often are found to be government actors.  *See, e.g., United States v. Cella*, 568 F.2d 1266, 1282 (9th Cir.1978); *Matje v. Leis*, 571 F. Supp. 918, 927 (S.D. Ohio 1983).  Nonetheless, we believe courts must look to all the facts to determine whether a paid government informant "may fairly be said to be a [government] actor. . . because he has acted together with or has obtained significant aid from [government] officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 LED.2d 482 (1982).  Otherwise, the courts will be in essence applying a sort of reverse *respondeat superior* doctrine.  *Cf. Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir.1975) ("Acts of police officers in the ambit of their personal, private pursuits fall outside of §42 U.S.C.  1983."), *cert. dismissed*, 429 U.S. 118, 97 S. Ct. 514, 50 LED.2d 269 (1976).

\* \* \*

FN5.  For example, it is surely relevant whether the informant is paid a salary to infiltrate an organization full-time, or whether the informant receives periodic payments in return for discrete projects performed.   The former case obviously presents a much more compelling fact situation for a finding that all acts performed by the informant "are chargeable to the state" than does the latter.

*Ghandi v. Police Department*, 823 F.2d 959, 963-64 (6th Cir. 1987), *cert. denied*, 108 S. Ct. 774 (1988).  Here, the complaint fails to allege that the defendants received any compensation at all from a state governmental entity.  In context, the allegations instead seem to suggest that any actions taken by the defendants were undertaken personally rather than pursuant to "governmental" action.  For instance, in Plaintiff's own words

> Sylvia Brisano as well as Jessica Ramirez bouth  falsified
> documents alligateing that I have criminal ties to the Mexican Mafia
> and sold drugs and done drugs and that I've threatint there lives as
> well as exstortion. . . .  Victim Advocate Cindy Escalera sent
> falsified documents on Aug 5, 2004 to California Parole Agent
> Green that alligated criminal activity on my part by bouth
> Defendant Brisano and Jessica Ramirez with the intent that I be
> struck out under the three strikes law. . . .  [D]ue to allegations
> made of me and to include falsified paperwork, she willfully,
> intently, set out to have law enforcement due me great bodily harm
> and/or death under justifiable homicide due to her defamation of
> character and slander.

*Complaint* at 3& 5.  Until Plaintiff sets forth alleged facts that would support a finding of

governmental action and thereby federal jurisdiction, the Court will not authorize service of the

complaint.

Wherefore,

IT IS HEREBY ORDERED that no later than March 30, 2005, Plaintiff shall file an

amended complaint detailing factual allegations in support of his assertion that defendants were

acting under color of state law or face possible dismissal of the complaint.

_____

**UNITED STATES MAGISTRATE JUDGE**

-3-