UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GILBERT MORALES, SR.,**

      **Plaintiff,**

**vs.**                                                   **CIV. NO. 05-0246 RB/LCS**

**SYLVIA BRISANO and**
**JESSICA RAMIREZ,**

      **Defendants.**

### Memorandum Opinion and Order

**THIS MATTER** comes before the Court on a review of the documents filed by Plaintiff ("Mr. Morales") in response to U.S. Magistrate Judge Karen B. Molzen's Order of March 9, 2005 (Doc. 4.) For the following reasons, the Court will **DISMISS** Mr. Morales' Amended Complaint.

As Judge Molzen noted in her Order:

> federal district court is a court of limited rather than general jurisdiction, [and] the Court is under an obligation to question on its own whether subject matter jurisdiction is present in every action before it. Claims brought pursuant to 42 U.S.C. § 1983 against the defendants appear to be the sole basis for the exercise of federal jurisdiction over the present action. To be held liable under Section 1983, the defendant must have been acting under "color of state law" at the time the plaintiff's rights were allegedly violated. Plaintiff baldly asserts that the defendants were acting "under color of state law" because each was an "informant" [sic]. No further factual details are alleged as to their roles or actions as informants.

Mr. Morales, therefore, was required to file an Amended Complaint detailing factual allegations in support of his assertion that Defendants acted under color of state law.  The Court notified Mr. Morales that a failure to detail such factual allegations could result in a dismissal of the complaint.

In response to the Court's directive, Mr. Morales filed the same Section 1983 "form" complaint as his Amended Complaint and attached various documents, which are presumed to be exhibits in support of his contentions.  Given that Mr. Morales is proceeding *pro se*, all of those documents have been liberally reviewed and considered.

In essence, Mr. Morales is involved in a family dispute regarding the estate of his mother who died in early 2004.  It appears that Defendant Sylvia Briseno[1] ("Ms. Briseno") is Mr. Morales' sister.  She is serving as the interim personal representative of their mother's estate.  Defendant Jessica Ramirez ("Ms. Ramirez") is Ms. Briseno's daughter.  In July 2004, the Las Cruces Police Department responded to a "trespassing" call and arrested Mr. Morales for violating his parole in California and other charges that were later dismissed for lack of sufficient evidence.  Apparently the statements that Ms. Briseno and Ms. Ramirez made to the Las Cruces police officers, which were relayed to California authorities, serve as the basis for Mr. Morales' allegations that Ms. Briseno and Ms. Ramirez acted as informants under color of law.

Mr. Morales' factual allegations do not state a claim under 42 U.S.C. § 1983.  The Supreme Court has held that: "Like the state-action requirement of the Fourteenth Amendment, the under- color-of-state-law element of § 1983 excludes from its reach 'merely private conduct,

---

[1] It appears from the documents submitted to the Court, such as Ms. Briseno's "Petition for Order of Protection From Domestic Abuse," which was written in her handwriting, and numerous police reports, that her name is spelled "Briseno," not "Brisano" as it appears in the caption.

no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations and quotations omitted).  Mr. Morales' allegations as set forth in the Amended Complaint and its attached documents fail to demonstrate how the private actions of Ms. Briseno and Ms. Ramirez qualify as state action under of color of law as 42 U.S.C. § 1983 requires.

The Tenth Circuit has addressed this issue under the "joint action" test for holding a private party liable under § 1983:

> We have applied the joint action test in several cases involving allegations that private citizens acted in concert with police officers in making arrests.  In both *Carey v. Continental Airlines Inc.*, 823 F.2d 1402 (10th Cir.1987), and *Lee v. Town of Estes Park*, 820 F.2d 1112 (10th Cir.1987), we held that citizens who made complaints to police officers that resulted in arrests were not state actors.  We found nothing in the record in either case from which we could infer that the allegedly unconstitutional arrests "resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." *Carey*, 823 F.2d at 1404.  In both cases, the record indicated that the police officers had made an independent decision to make the challenged arrest.

*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1454 (10th Cir. 1995).  Moreover, having "merely served as a complaining witness . . . does not convert [Defendants] into . . . state actor[s]." *Dillberg v. County of Kitsap*, 76 Fed.Appx. 792, 797 (9th Cir. 2003) (citations omitted).

In sum, the sole basis for federal jurisdiction is premised on Mr. Morales' Section 1983 claim, which must be dismissed with prejudice for failure to state a claim.  When, as here, the federal claim "is clearly insubstantial, foreclosed by prior decisions of the Supreme Court and [the

Tenth circuit Court of Appeals]," the exercise of supplemental jurisdiction would be improper. *See Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987). Therefore, to the extent that Mr. Morales seeks to raise any state claims against Ms. Briseno and Ms. Ramirez, those claims will be dismissed without prejudice.

**IT IS HEREBY ORDERED** that the claims against the defendants brought pursuant to 42 U.S.C. § 1983 are **dismissed with prejudice**, and to the extent Plaintiff seeks to hold Defendants liable on state law causes of action, those claims are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that copies of this memorandum opinion and order shall be delivered by the Clerk of the Court to Defendants at the addresses listed on the summons which were prematurely issued when the Amended Complaint was filed.

*[signature]*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**